UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS A. BOLSSEN,

        Plaintiff,

v.                                        Case No. 09-C-202

UNUM LIFE INSURANCE COMPANY
OF AMERICA, a/k/a UNUM GROUP,
a/k/a UNUMPROVIDENT CORPORATION,

        Defendant.

**ORDER DENYING MOTION TO REMAND**

      Plaintiff Dennis A. Bolssen sued Defendant Unum Life Insurance Company of America ("Unum") in Brown County Circuit Court, alleging Unum breached a contract to provide disability insurance benefits. Bolssen also asserted claims for breach of fiduciary duty, fraud, conversion, and violation of Wis. Stat. § 628.46. Unum timely removed the case to this court on February 25, 2009, asserting federal jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Doc. # 1.) The matter is now before me on Bolssen's motion to remand the case back to state court for a lack of federal jurisdiction. Bolssen, who worked for the Oneida Casino, contends that the contract under which he makes his claim is not covered by ERISA because the "governmental plan" exception to ERISA applies.

      Unum asserts that the fact Bolssen was employed by the tribe is not dispositive of whether the plan is a governmental plan which would take it outside of ERISA. In support of this argument, Unum notes that Bolssen was actually employed by the Oneida Tribe's casino and his janitorial duties at the casino were commercial activities and not essential governmental functions. Unum

also contends that ERISA governs as the plan itself provides that it was governed by ERISA, and because Unum administered Bolssen's claim in accordance with ERISA. (Def.'s Br. in Opp. at 6 n.2.)

## BACKGROUND

According to the complaint filed in Brown County Circuit Court, Bolssen worked for the Oneida Tribe of Indians of Wisconsin. (Compl. ¶ 3.) On September 1, 1997, Unum issued a group disability insurance policy to the tribe. (*Id.*) Bolssen fell on October 23, 2004 and sustained injuries to his head, arms and torso. (Compl. ¶ 4.) On March 25, 2005, Bolssen notified Unum of his disability, and payments under the policy began soon thereafter. (Compl. ¶ 5.) On November 27, 2007, Unum requested that Bolssen attend an "independent medical examination" to perform an Activities Daily Living Assessment ("ADLS"). (Compl. ¶ 8.) Based upon the results of the ADLS, which indicated Bolssen had lost only one activity of daily living (bathing), Unum notified Bolssen on February 28, 2008, that it would no longer continue to pay disability benefits under the long term disability claim. (Compl. ¶ 10.)

## ANALYSIS

"The party seeking a federal forum has the burden of establishing jurisdiction." *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (citation omitted); *see also Hart v. Fed Ex Ground Packaging Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence. Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this

2

limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (some citations omitted) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Unum therefore has the burden of establishing that federal jurisdiction exists.

The provisions of ERISA do not apply to a "governmental plan" as defined by 29 U.S.C. § 1002(32). 29 U.S.C. § 1003(b)(1). In pertinent part, section 1002(32) defines "governmental plan" as:

> . . . a plan which is established and maintained by an Indian tribal government (as defined in section 7701(a)(40) of Title 26), a subdivision of an Indian tribal government (determined in accordance with section 7871(d) of Title 26), or an agency or instrumentality of either, and all of the participants of which are employees of such entity substantially all of whose services as such an employee are in the performance of essential governmental functions but not in the performance of commercial activities (whether or not an essential government function)

29 U.S.C. § 1002(32). Thus, employee plans established and maintained by an Indian tribal government are exempt only if substantially all of the employees' services are in the performance of essential government functions, as opposed to commercial activities–even if the commercial activities are essential government functions.

The amendment to section 1002(32), which made certain plans established and maintained by Indian tribal governments exempt from ERISA, took effect on August 17, 2006. Pub. L. No. 109-280, § 906(a)(2)(A), 120 Stat. 780, 1051 (2006). Prior to the amendment of § 1002(32), the Seventh Circuit held that because ERISA is a statute of general application, tribal sovereignty did not insulate plans established and maintained by tribes from ERISA. *Smart v. State Farm Ins. Co.*, 868 F.2d 929 (7th Cir. 1989). Since the policy at issue here and the accident precede the effective date of the amendment making some plans offered by tribal governments exempt, it is questionable

3

whether section 1002(32) even applies. *See Dobbs v. Anthem Blue Cross and Blue Shield*, Case No. 04-cv-02283, 2007 WL 2439310, *3 (D. Colo. Aug. 23, 2007) (holding that the new definition of governmental plan under § 1002(32) does not apply retroactively). Even assuming the amendment applies, however, the exemption it created does not seem to cover the plan at issue here.

"The amendment's legislative history suggests that Congress expanded the definition to clarify the legal ambiguity regarding the status of employee benefit plans established and maintained by tribal governments." *Dobbs v. Anthem Blue Cross & Blue Shield*, 475 F.3d 1176, 1178 (10th Cir. 2007) (citing 150 Cong. Rec. S9526, 9533). The Tenth Circuit further explained,

> Because the amended provision makes a distinction between "essential governmental functions" and "commercial activities," not all plans established and maintained by tribes will fall under the governmental plan exemption. The determination of whether a tribal plan qualifies as a governmental plan under § 1002(32) requires a fact-specific analysis of the plan at issue and the nature of its participants' activities.

*Dobbs*, 475 F.3d at 1178. Since the 2006 amendment there has been little comment from the courts on the difference between "essential governmental functions" and "commercial activities."

Recognizing the lack of judicial decisions on the applicability of the amended § 1002(32), Unum argues that the court should look to guidance in cases interpreting similar provisions of the National Labor Relations Act ("NLRA"). (Def.'s Br. in Opp. at 3) (citing *Shannon v. Shannon*, 965 F.2d 542, 547 (7th Cir. 1992). One such case is *San Manuel Indian Bingo & Casino v. NLRB*, in which the D.C. Circuit held that the NLRA applied to a tribal casino since the casino served a predominantly commercial function. 475 F.3d 1306 (D.C. Cir. 2007). *San Manuel* observed that "it can be argued any activity of a tribal government is by definition 'governmental,' and even more so an activity aimed at raising revenue that will fund governmental functions." *Id.* at 1313. In

4

construing an act governing labor relations, however, the Court viewed the term "governmental" in "a restrictive sense to distinguish between the traditional acts governments perform and collateral activities that, though perhaps in some way related to the foregoing, lie outside their scope." *Id.* The Court concluded "operation of a casino is not a traditional attribute of self-government. Rather, the casino at issue here is virtually identical to scores of purely commercial casinos across the country." *Id.* at 1316.

The same can be said here. Bolssen worked as a custodian for the Oneida Casino, which is one of the business enterprises of the Oneida Nation. (Aff. of Kathleen Reid, Exs. A-B; Aff. of Molly R. Hamilton, Ex. B.) Bolssen asserts that neither the complaint nor the plan attached to it make it clear that the plan covers workers performing primarily commercial activities. But a plaintiff cannot avoid complete preemption under ERISA by "artfully pleading . . . so as to omit facts that indicate federal jurisdiction." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1488 (7th Cir. 1996) (citation omitted). To allow defendants access to federal court when the actual nature of the complaint is federal, courts may look beyond the four corners of the complaint and matters attached thereto "to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Id.* (quoting *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992)). Based upon the plan itself, which is attached to the complaint, as well as the evidence Unum has submitted in response to Bolsson's motion to remand, it is clear that the plan covers all Oneida employees, including those employed by its business enterprises, such as its casino. (Compl., Ex. A; Aff. of Kathleen Reid, Exs. A, B.) Oneida business enterprises, in addition to its casino, include a hotel, retail outlets, and a farm. (Aff. of Molly R. Hamilton, Ex. B.) According to the invoices for the current disability policy which is billed separately for government employees

5

and for enterprise employees (apparently reflecting the change in the law), there are 1,324 enterprise employees with long-term disability coverage compared to 1,225 government employees. (Aff. of Mary J. Waters, Ex. A.) While the numbers may have been different in 2004, when Bolssen was injured, or in 2005, when he filed his disability claim, there is nothing to suggest that even then substantially all of the services performed by the employees covered by the plan were of essential governmental functions, as opposed to commercial activities. It therefore follows that the plan is not an exempt governmental plan within the meaning of section 1002(32).

Finally, Bolsson argues that the employer's failure to file a Form 5500 with the United States Department of Labor indicates that the plan is not governed by ERISA. Form 5500 is an annual report disclosing financial and actuarial information that is required to be filed with the Secretary of Labor under ERISA. 29 U.S.C. §§ 1023, 1024. Bolssen notes that "a survey of the Department of Labor's records shows no such filing here." (Br. Supp. Mot. to Remand at 2.) But courts have consistently rejected the argument that the failure to comply with formal requirements can prevent the establishment of an ERISA plan. *See, e.g., Orozco v. United Airlines, Inc.*, 887 F.2d 949, 952 (9th Cir. 1989) ("[C]ompliance with ERISA's procedural requirements for setting up an employee benefit plan is not a prerequisite to ERISA coverage."). If the Oneida Tribe of Indians of Wisconsin or Unum failed to file a required form, the Department of Labor may take some action to insure compliance. The filing of a proper form has no bearing, however, on whether a plan is covered by ERISA. Bolssen's motion to remand the case to state court will therefore be denied.

**CONCLUSION**

Based on the record before me, I conclude that the plan under which Bolssen seeks disability benefits is not a governmental plan exempt from ERISA, meaning that ERISA applies. The motion

6

to remand is therefore **DENIED**, but obviously without prejudice. If after further discovery, Bolssen believes ERISA does not apply, he may renew his motion. Remand is available for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c). In the meantime, the clerk is directed to place this matter on the Court's calendar for scheduling.

**SO ORDERED** this     7th     day of May, 2009.

                                         s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge

7

Case 1:09-cv-00202-WCG    Filed 05/07/09    Page 7 of 7    Document 17